IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-cr-153-MEF |
| | ) | |
| AL RAY SHOEMAKER d/b/a | ) | |
| AL'S BP | ) | |

# O R D E R

This matter is before the Court on the Government's Motion for Forfeiture Hearing (Doc. #61) filed on November 3, 2005. On November 2, 2005, the Defendant entered a plea of guilty to a charge of wrongful distribution or possession of a listed chemical in violation of 21 U.S.C. § 841(f)(1). The corresponding plea agreement did not address the issue of the forfeiture of the Defendant's property, Al's BP. At the request of the Government, the Court held a hearing and heard arguments from the parties on the propriety of the entry of a preliminary order of forfeiture on January 24, 2006. The Court construes the Motion for Forfeiture Hearing (Doc. #61) as a Motion for the Entry of a Preliminary Order of Forfeiture, and, for the reasons stated below, finds that the Government's motion is due to be GRANTED.

## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Under Federal Rule of Criminal Procedure 32.2(b), a district court is empowered to enter a preliminary order of forfeiture where "the government has established the requisite nexus between the property and the offense." This order is directed toward only the criminal

defendant, and all third parties are allowed to protect their interests thorough a subsequent ancillary proceeding.  Fed. R. Crim. P. 32.2(c).  Here, the Government has shown the requisite nexus between the subject property and the offense in question.  The sole question raised by the Defendant is whether the Eighth Amendment prohibits this forfeiture as an excessive fine.

Where a fine is punitive in nature, the "Eighth Amendment's excessive fines clause [applies] if it is 'grossly disproportional to the gravity of a defendant's offense' or otherwise does not bear 'some relationship to the gravity of the offense it is designed to punish.'" *United States v. Bernitt*, 392 F.3d 873, 880 (7th Cir. 2004) (quoting *United States v. Bajakajian*, 524 U.S. 321, 334 (1998)); *see also United States v. One Parcel of Real Estate at 10380 S.W. 28th Street, Miami, FL*, 214 F.3d 1291, 1295 (11th Cir. 2000).  "Because Congress is a representative body, its pronouncements regarding the appropriate range of fines for a crime represent the collective opinion of the American people as to what is and is not excessive.  Given that excessiveness is a highly subjective judgment, the courts should be hesitant to substitute their opinion for that of the people." *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, (11th Cir. 1999).  Thus, "[i]f the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional[.] . . . If the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive." *10380 S.W. 28th Street*, 214 F.3d at 1295 (quoting *Wilton*

2

*Manors*, 175 F.3d at 1309-10).

At the forfeiture hearing, the parties established that the value of the property in question, the Defendant's service station, is between $211,500 and $350,000. The Defendant owns this property jointly with his wife, meaning that he owns a half share in the property valued between $105,750 and $175,000. The Defendant pleaded guilty to wrongful distribution or possession of a listed chemical under 21 U.S.C. § 841(f)(1), which provides a statutory maximum fine of $250,000 and a fine of $150,000 under the United States Sentencing Guidelines. 18 U.S.C. § 3571(b)(3); U.S.S.G. § 5E1.2(c)(3). Although the high end of the property's valuation exceeds the maximum fine under the guidelines, it is well within the statutory range and is therefore entitled to a strong presumption of constitutionality. The Defendant has not provided any evidence or argument to surmount this presumption and has thus failed to carry his burden. As a result, the Government's Motion for a Preliminary Order of Forfeiture must be GRANTED.

## CONCLUSION

For the reasons stated above, the Government's Motion for Forfeiture Hearing (Doc. #61), construed as a Motion for a Preliminary Order of Forfeiture is GRANTED.

DONE this the 30th day of January, 2006.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE