IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05cr153-MEF |
| | ) | |
| AL RAY SHOEMAKER d/b/a | ) | |
| AL'S BP, | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, in the Forfeiture Allegation of the Information in the above case, the United States sought forfeiture of specific property, and upon consideration of the Government's Motion to Enter Preliminary Order of Forfeiture (Doc. #74) filed on February 2, 2006, it is hereby

ORDERED that the motion is GRANTED. Moreover, it is further ORDERED as follows:

1.  As the result of the guilty plea for Count 1 of the Information, for which the Government sought forfeiture of the property described below pursuant to Title 21, United States Code, Section 853, and the forfeiture hearing which established the requisite nexus between the property described below and the offense as alleged in Count 1 of the Information, the defendant Al Ray Shoemaker shall forfeit to the United States:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as AL'S BP located on Highway 52 West Hartford, Alabama, more particularly described as:

>One lot of parcel of land in the Town of Hartford, Geneva County, Alabama as surveyed by Branton Land Surveyors and being more particularly described as follows: Commencing at the intersection of the west line of the SW1/4 of the SE1/4 of Section 35, T2N, R23E and the northerly R/W of Ala. Hwy. No. 52 (100' R/W); thence run N67°-55'-19"E along said R/W 394.10 feet to an existing iron pipe and the Point of Beginning; thence continue N67°-55'-19"E along said R/W 435.6 feet to a set iron pipe; thence North 215.83 feet to the SE corner of parcel one shown hereon; thence S67°-55'-19"W along the south line of said parcel one 435.6 feet; thence South 215.83 feet to the Point of Beginning.  Said land being located in the above mention forty and containing 2 acres.

2. The Court has determined, based on the record, the forfeiture allegation in the Information, evidence presented during the proceedings in this case, and at a post-trial hearing on the forfeiture allegation in the Information, that the above described real property is subject to forfeiture pursuant to Title 21, United States Code, Section 853, that defendant Al Ray Shoemaker has an interest in said real property and, that the government has established the requisite nexus between said real property and the offenses allowing forfeiture.

3. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the real property, and to conduct any discovery proper in identifying, locating or disposing of said real property, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and its intent to dispose of the real property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in said real property.

6. Any person, other than the above named defendant, asserting a legal interest in the real property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the said real property, and for an amendment of the order of forfeiture pursuant to Title 21, United States Code, Section 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the real property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest and the time and circumstances of the petitioner's

acquisition of the right, title or interest in said real property, any additional facts supporting the petitioner's claim and the relief sought.

9. Upon the filing of any motion under Fed.R.Crim.P. 32.2(c)(1)(A) and Title 21, United States Code, Section 853(n) and pursuant to Fed.R.Crim.P. 32.2(c)(1)(B) and before a hearing, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the real property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

12. The Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office for the Middle District of Alabama.

Done this the 3rd day of February, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE