IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05cr153-MEF |
| | ) | |
| AL RAY SHOEMAKER d/b/a | ) | |
| AL'S BP | ) | |

### AMENDED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the Forfeiture Allegation of the Information in the above case, the United States sought forfeiture of specific property,

IT IS HEREBY ORDERED THAT:

1.   As the result of the guilty plea for Count 1 of the Information, for which the Government sought forfeiture of the property described below pursuant to Title 21, United States Code, Section 853, and the nexus between the property described below and the offense as alleged in Count 1 of the Information, Defendant Al Ray Shoemaker has forfeited to the United States:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as AL'S BP located on Highway 52 West Hartford, Alabama, more particularly described as:

> One lot of parcel of land in the Town of Hartford, Geneva County, Alabama as surveyed by Branton Land Surveyors and being more particularly described as follows: Commencing at the intersection of the west line of the SW1/4 of the SE1/4 of Section 35, T2N, R23E and the northerly R/W of Ala. Hwy. No. 52 (100' R/W); thence run N67°-55'-19"E along said R/W 394.10 feet to an existing iron pipe and the Point of Beginning;

   thence continue N67°-55'-19"E along said R/W 435.6 feet to a set iron pipe; thence North 215.83 feet to the SE corner of parcel one shown hereon; thence S67°-55'-19"W along the south line of said parcel one 435.6 feet; thence South 215.83 feet to the Point of Beginning.  Said land being located in the above mention forty and containing 2 acres.

 2. The Court has determined, based on the record, the forfeiture allegation in the Information and evidence presented during all proceedings in this case, that the above described real property is subject to forfeiture pursuant to Title 21, United States Code, Section 853, that Defendant Al Ray Shoemaker had an interest in said real property, and that the Government has established the nexus between said real property and the offenses allowing forfeiture.

 3. The United States Attorney General (or a designee) seized the real property pursuant to the Court's order (Doc. #76) of February 2, 2006 and in accordance with Fed. R. Crim. P. 32.2(b)(3).

 4. The United States Attorney General (or a designee) commenced applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order.

 5. The United States published the Order and its intent to dispose of the real property as directed by the United States Attorney General (or a designee).  The United States also, to the extent practicable, provided written notice to any person known to have an alleged interest in said real property.

6. Sarah Shoemaker timely petitioned the Court for a hearing to adjudicate the validity of her alleged interest in said real property, and for an amendment of the order of forfeiture pursuant to Title 21, United States Code, Section 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture became final as to the Defendant at the time of sentencing and was made part of the sentence and included in the judgment. Accordingly, Defendant Al Ray Shoemaker's interest in the subject property was conveyed to the United States.

8. On May 9, 2006, the United States and Sarah Shoemaker entered into a Stipulation for Compromise Settlement whereby Sarah Shoemaker agreed to pay the United states Marshals Service One Hundred Thirty-Five Thousand ($135,000) Dollars and the United States agreed, upon payment, to amend the Preliminary Order of Forfeiture to show that all right, title, and interest in the subject real property was conveyed to Sarah Shoemaker.

9. Pursuant to the original Preliminary Order of Forfeiture, the Stipulation for Compromise Settlement, and the payment made under said Stipulation, Sarah Shoemaker is hereby conveyed all right, title and interest in the subject real property as herein described, and Sarah Shoemaker shall have clear title to the real property.

10. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

11. The Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office for the Middle District of Alabama.

12. In accordance with this Order, Claimant Sarah Shoemaker's Motion to Amend (Doc. #107) is GRANTED. All other pending motions are DENIED AS MOOT.

Done this the 5th day of June, 2006.

          /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE