IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CR. NO. 1:05cr153-MEF |
| ) | |
| AL RAY SHOEMAKER ) | |

**UNITED STATES' RESPONSE TO SHOW CAUSE ORDER**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and, in compliance with this Court's show cause order (Doc. #146), responds to Defendant Al Ray Shoemaker's Motion for Court Recommendation for Compassionate Release (Doc. #143), filed on March 5, 2007, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On June 29, 2005, a grand jury for the Middle District of Alabama returned a five-count indictment against Al Ray Shoemaker ("Shoemaker"), d/b/a Al's BP, and co-defendants Brenda McCall, Martha Davis, and Kelly LNU.¹ Count 1 of the Indictment charged that, beginning in and about June 2000, and continuing to on or about May 1, 2003, the exact dates being unknown to the Grand Jury, in Geneva County, Alabama, and elsewhere, the defendants knowingly and willfully combined, conspired, confederated, and agreed together and with persons known and unknown to manufacture five grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and § 846. Counts 2 and 3 of the indictment charged that, on April 10, 2003, and April 17, 2003, Al Ray Shoemaker and Brenda McCall, while aiding and abetting each other and others known and unknown to the Grand Jury,

---

¹ The charges against Kelly LNU were dismissed.

knowingly and intentionally possessed and distributed pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, in violation of 21 U.S.C. §841(c)(2) and 18 U.S.C. § 2. Count 4 of the indictment charged that, on April 22, 2003, Al Ray Shoemaker and Martha Davis, while aiding and abetting each other and others known and unknown to the Grand Jury, knowingly and intentionally possessed and distributed pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, in violation of 21 U.S.C. §841(c)(2) and 18 U.S.C. § 2. Count 5 of the indictment charged that, on May 1, 2003, Al Ray Shoemaker and Kelly LNU, while aiding and abetting each other and others known and unknown to the Grand Jury, knowingly and intentionally possessed and distributed pseudoephedrine, a Schedule I listed chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2) and 18 U.S.C. § 2. The indictment also contained a forfeiture allegation.

On October 28, 2005, a one-count felony information was filed against Al Ray Shoemaker (Doc. #51).  The information charged that, beginning on and about April 10, 2003, and continuing to on or about May 1, 2003, in Geneva County, Alabama, within the Middle District of Alabama, the defendant, while aiding and abetting others known and unknown, in violation of this subchapter, namely, 21 U.S.C. § 841(c)(2), knowingly distributed a listed chemical, to-wit: pseudoephedrine, other than in violation of a record-keeping and reporting requirement of Section 830 of Title 21, in violation of 21 U.S.C. § 841(f)(1) and 18 U.S.C. § 2. The information also contained a forfeiture allegation.

On November 2, 2005, Shoemaker signed a waiver of indictment and agreed to enter a plea to the information pursuant to a plea agreement.

The plea agreement informed Shoemaker that, in return for pleading guilty to knowingly distributing a listed chemical other than in violation of a record-keeping and reporting requirement of Section 830 of Title 21, in violation of 21 U. S.C. § 841(f)(1) and 18 U.S.C. § 2, he would receive a sentence of not less than 3 years (36 months) and not more than 5 years (60 months). The parties agreed that there were no other motions for a downward departure applicable in this case. The parties also agreed that if the defendant filed a motion for downward departure, or should the Court in its discretion using the United States Sentencing Guidelines as advisory, sentence Shoemaker below 3 years, the plea agreement would become void.

On November 2, 2005, Shoemaker plead guilty to the information. On February 7, 2006, the Court considered the nature of the offense, the seriousness of the offense and factors outlined in 18 U.S.C. § 3553 in determining a reasonable sentence, and sentenced the defendant to 48 months imprisonment, two years supervised release, a $100 assessment fee and waived imposition of a fine due to the defendant's inability to run his business.

Shoemaker did not appeal his conviction or sentence. On February 6, 2007, Shoemaker filed a Memorandum Of Law In Support Of Motion to Vacate, Set Aside or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. Section 2255. (Doc. #2). On February 7, 2007, this Court entered an order directing the United States to respond within thirty (30) days. (Doc. #3). The United States requested and received an extension of time to receive the remaining relevant transcript. (Docs. #5 and #6). The Court also ordered David Franklin Holmes to "file with the court an affidavit that addresses the claims of ineffective assistance of

counsel presented against him in the § 2255 motion." (Doc. #3, p. 3). The United States responded to Shoemaker's § 2255 motion on March 29, 2007.

On March 5, 2007, before the government had an opportunity to respond to Shoemaker's § 2255 motion and before this Court could rule on the § 2255 motion, Shoemaker filed a Motion For Court Recommendation For Compassionate Release (Doc. #143). Shoemaker's compassionate release motion contains the same ten (10) exhibits that were submitted for consideration in his civil action under Section 2255. The defendant's request for compassionate release is an administrative remedy that is under the authority of the Federal Bureau of Prisons.

Shoemaker's illness is unfortunate, and the BOP has made provisions to address terminally ill inmates. Certainly, the provisions may not be the ultimate desire of any inmate similarly situated. However, to maintain fairness in the treatment of all terminally ill inmates, the BOP has a provision for "compassionate release." Shoemaker was transferred from Maxwell Federal Prison in Montgomery, Alabama, to the Federal Medical Center at Butner, North Carolina in order to provide Shoemaker with the best possible treatment. (Doc. #2, Exhibits 1-5; Doc. #143, Exhibits 1-5). Shoemaker made application for a Compassionate Release based upon his illness, the request was denied. (Doc. #2, Exhibit 8; Doc. #143, Exhibit 8). Dr. W. Abe Andes stated that Shoemaker was not a good candidate for Compassionate Release since Shoemaker is expected to live longer than 6 months. It should be noted that Shoemaker initially refused treatment as indicated in Exhibit 8, of Doc. #2 and Doc. #143. Dr. Andes concluded that with therapy, Shoemaker could "live a lot longer." Doc. #2 and Doc. #143, Exhibits 8 and 9. The request for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A), is an administrative Remedy, the denial of which is appealable through the Administrative Remedy

process. Doc. #2, Exhibit 10 and Doc. #143, Exhibit 10. There is nothing in the record that indicates Shoemaker has taken advantage of his Administrative Remedy process. This Court is not the proper avenue to seek reconsideration of Shoemaker's Compassionate Release request until the Director of the Bureau of Prison files a motion to this Court stating an extraordinary and compelling reason for a reduction in sentence, or the defendant meets the criteria outlined in §3582(c)(1)(a)(ii).

To the extent Shoemaker is requesting a reduction in his sentence, this Court can only revisit a sentence if there has been an error from arithmetical, technical, or other clear error, or a reduction based upon substantial assistance under Rule 35, Federal Rules of Criminal Procedure. Therefore this Court is without jurisdiction over the defendant's request for compassionate release absent a motion from the Director of the Bureau of Prisons. Moreover, the defendant has not taken full advantage of the appellate remedies available to him through administrative procedures within the Federal Bureau of Prisons. Therefore, the defendant's request for a Court recommendation for compassionate release should be dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons previously stated, the defendant's Motion For Court Recommendation For Compassionate Release should be dismissed.

Respectfully submitted on this the 2nd day of April, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov
ASB4152 W86T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:05cr153-MEF |
| | ) | |
| AL RAY SHOEMAKER | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Susan G. James, Esq.

Respectfully submitted,

/s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: tommie.hardwick@usdoj.gov
ASB4152 W86T